McIlvaine, J.,
dissenting. It is to be regretted that the court has been unable to agree upon the main question presented in this case; namely, the power of the court to inquire, upon habeas corpus, into the validity of a pardon under which a person convicted of crime and sentenced to imprisonment in the penitentary seeks to be discharged from such imprisonment.
Knapp was duly convicted of murder in the second degree, and sentenced to the penitentiary for life.. While in prison under the sentence, he \vas discharged under an alleged pardon issued by the governor, unconditional in form. Afterward, the governor having declared the pardon to be invalid by reason of fraud in its procurement, Knapp was rearrested and *395 returned to prison, whereupon the writ of habeas corpus in this case was issued upon his petition against the warden of the penitentiary. By the petition, the conviction and sentence are admitted, but a discharge is demanded by virtue of the pardon. The warden, in his return to the writ alleges that the pardon relied on for a discharge was obtained by fraud. A question has been raised as to the sufficiency of the facts stated in the return upon which the alleged fraud is based ; but such question has become wholly immaterial, as the decision of the case has turned upon the question, whether fraud can be alleged against the pardon when set up as a ground for discharge in a proceeding in habeas corpus.
Preliminary to a solution of this “question it may be observed, that the former discharge of the relator from prison and his subsequent recapture are matters of no importance in this inquiry, as the same questions would arise, if after the delivery of the pardon he had been detained in the custody of the warden upon the declaration of the governor that the pardon had been obtained by fraud : for the ground of the decision is, that the court has no power or jurisdiction, in a proceeding in habeas corpus to go behind the. face of the pardon to hear and determine whether there was fraud or not.
The first proposition involved in this inquiry is, that a pardon obtained through fraud is void at common law. This proposition has been so often and uniformly stated by common law courts and common law writers and results so clearly from the common law principle, that fraud vitiates every instrument, or grant procured by it, no argument is necessary to support it. True, the word void,” as used in the books, in this connection, applies only when the facts constituting the fraud are judicially ascertained. But it does not follow, that the jurisdiction of the courts, to declare a pardon void by reason of fraud in procuring it, may be invoked, at all times and by all persons. A pardon is an act of grace and mercy bestowed by the state through its chief executive, upon offenders against its laws, and if it be obtained by fraud, the state alone is aggrieved thereby, and the state alone can avoid it. But the chief executive, thóugh authorized as the agent of the *396 state to grant pardons, is not authorized to revoke them, nevertheless, being charged with the duty of seeing the laws duly executed, it seems clear to me that upon discovering that a pardon was obtained from him by fraud, it becomes his duty to put in motion such action as will result in the due execution of the laws, and I can conceive of no act more conducive to that end, than to cause the arrest of the offender, if he be at liberty, or to cause his detention, if he be in prison. Such action, it is conceded, is not conclusive against the prisoner, for the reason that the chief executive has no power either to revoke the pardon or to judicially ascertain the existence of fraud in procuring it.
To admit that a pafdon fraudulently procured is void or voidable at common law, and to hold, that by the same system of jurisprudence no means exist for avoiding it, would be an assault against the system that has never heretofore been made. I am aware that the common law has not furnished a remedy for every wrong;, but in no instance' has the law ever pronounced a certain act or instrument void or voidable, wherein ample remedy to avoid it, could not be found either in its own courts or in the co-existing courts of equity. It may be said that such instrument might be declared void by a court of equity upon bill filed for that purpose, and also, that in a court of law, a judgment to the same effect might be rendered on a writ of scire facias issued for that purpose. Let it be admitted, it is quite clear, that neither of these remedies would be adequate under all circumstances, for the reason that such proceedings would afford a means of escape, before judgment could be rendered, instead of seizing and detaining the body of a convict by virtue of the sentence, which stands in full force and unsatisfied. True, this defect in the remedies named does not prove that they do not exist, but it suggests the necessity for a more ample and summary one in the interest of justice.
As we have said, an order for the rearrest of a convict sentenced to imprisonment for crime, who has secured his release through a pardon alleged by the chief executive to have been obtained by fraud, is not conclusive against the prisoner, *397 as to the existence of the fraud, nevertheless the right of such convict to his freedom, which rests solely on the pardon, cannot exist, if such pardon was obtained by fraud. Upon this question of right, a fraudulent pardon is absolutely void. The only right of such convict in such case is to have the question of fraud judicially determined. This right would be secured by a determination of that question in this case, upon an issue joined between the only parties interested — the state and the relator. True, the state is not a party by name, but its agent and representative is the person charged with the custody of all persons convicted and sentenced for felonies— the warden of the penitentiary — who appears and defends by the attorney general of the state.
But it is claimed, that this court has no jurisdiction to try such issue in a proceeding in habeas corpus. Why not t It is not disputed that it has jurisdiction to hear testimony and determine an issue of fact in such proceedings. But it is said that the validity of a pardon which is a record cannot be raised in a collateral proceeding, and such is the nature of this proceeding. Is this a collateral proceeding within the meaning of that rule ? In the first place, a pardon is not a record in the sense that a jndgment is a record. It' was not made in the exercise of judicial powers. It is an act of executive clemency, evidenced by a written instrument, and is not a record anymore than any other warrant or charter granted by the state through its authorized agent. Is it possible that a claim of right can be asserted in any court against the state upon any charter issued by the state, which is void because of fraud in obtaining it, against which the state would be debarred from alleging and proving fraud, on the ground that a record cannot be impeached collaterally ? Again, the relator is held in custody by the state under a conviction and sentence as is claimed by the state, whereupon the relator demands his liberty by virtue of a pardon, thereby affirming the validity of the pardon. This affirmation is denied by the state through its proper officer. Is this an impeachment of a record collaterally within the meaning of the rule contended for % I think not. It is nothing more than the denial of the validity of an instrument^ *398 which is alleged to be valid, and under which a right- is asserted. By asserting the validity of such instrument, against the grantor, and claiming a right under it in any proceeding of which the court has jurisdiction, an issue of fact is tendered, and if made, the court has jurisdiction to hear and determine it. That this court, in a proceeding in habeas corpus, may try issues of fact is not denied. That a pardon obtained by fraud is void, is not denied. Surely, then, whether it be fraudulent or not is an issuable fact. We admit that the charter is prima facie evidence of a valid pardon. But it is said that the charter is a record importing absolute verity, against which neither allegation nor proof will be allowed in a case of habeas corpus. This claim is without reason. A misapplication of a principle. A charter of pardon imports the same degree of verity as any other deed executed by the state, and when its validity is put in issue in a habeas corpus suit, it is a direct, and not a mere collateral attack; and if it is shown to be fraudulent, it is of no more force than if forged. No one will deny that, on habeas corpus, proof of forgery would be heard: why, then, not proof of fraud ?
The exact question now under consideration was made and decided in favor of the jurisdiction of the court, by the supreme court of Pennsylvania, in Commonwealth v. Holloway, 44 Pa. St. 210; and by the supreme court of Georgia in Dominick v. Bowdoin, 44 Geo. 357, upon the principles of the common law, by very able and satisfactory reasoning. The same views are taken by several text-writers. There is no well-considered case in this country or in England to the contrary. The English statutes have no place in the consideration of this question. The whole case rests on the reasons and principles of the common law which, undeniably, declares pardons obtained by fraud to be void.
White, O. J., concurred in the dissenting opinion.